Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2041 | **DATE** | 6/18/2001 |
| **CASE TITLE** | Brian Franklin vs. Hartland Mortgage Centers, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Option One's motion to compel arbitration [20-1] is denied. Franklin's motion to amend the complaint [24-1] is denied. Option One is directed to answer the amended complaint by 6/29/01. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 28 2001 | 28 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/18/2001 | |
| | | date mailed notice | |
| sb | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

FILED FOR DOCKETING
01 JUN 27 PM 7: 48

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN FRANKLIN,               )
                              )
            Plaintiff,        )   No. 01 C 2041
                              )
      v.                      )   Suzanne B. Conlon, Judge
                              )
HARTLAND MORTGAGE CENTERS, INC.,  )
and OPTION ONE MORTGAGE       )
CORPORATION,                  )
                              )
            Defendant.

DOCKETED
JUN 28 2001

## MEMORANDUM OPINION AND ORDER

Brian Franklin ("Franklin") sues Hartland Mortgage Centers, Inc. ("Hartland") and Option One Mortgage Corporation ("Option One") for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, as amended by the Home Owners Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602(aa) and 1639, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226. Option one moves to compel arbitration. Franklin moves to file a second amended complaint, pursuant to Fed.R.Civ. P. 15(a).

## BACKGROUND

On March 31st, 2000, Franklin obtained a loan from Hartland for the purpose of refinancing a prior mortgage loan on his residence. The mortgage was subsequently assigned to Option One. After the loan closing, Franklin allegedly learned that Hartland violated TILA by providing inaccurate information about the loan terms, failing to make required disclosures, and imposing an improper prepayment penalty. On March 22, 2001, Franklin notified Hartland that

he was exercising his TILA right to rescind all security interests the company might have with his property. The parties dispute whether the loan still exists.

At the time of the loan transaction, the parties agreed to arbitrate any disputes between them, subject to several exceptions. One exception was for disputes arising from the exercise of self-help remedies. Franklin Response ("Franklin Resp."), Ex. F. at p. 1. In addition, the agreement included a provision stating that the parties "shall each bear its own costs and expenses, including attorney's fees, that the party may incur with respect to arbitration." *Id.* at p. 2.

## DISCUSSION

### I. Motion to amend

Leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "However, leave to amend is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . or futility of the amendment." *Feldman v. American Memorial Life Insurance Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (internal quotes and citations omitted). An amendment is futile when it cannot withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).

Franklin seeks to amend his complaint to add a claim for violations of the Equal Credit Opportunity Act ("ECOA"). Option One contends Franklin's motion to amend should be denied because the amendments could not survive a motion to dismiss. To state a claim under the ECOA, plaintiffs must allege that a creditor discriminated against them with respect to a credit

transaction because they exercised in good faith rights under the Consumer Credit Protection Act ("CCPA"). 15 U.S.C. § 1691(a)(3). TILA and HOEPA are part of the CCPA.

Franklin bases his ECOA claim on the fact that the arbitration agreement contains a waiver of the borrower's right to recover attorney's fees and litigation expenses. Specifically, Franklin asserts that since those who obtain high-interest and high-fee mortgages are typically indigent and unable to afford an attorney, waiving such fees is equivalent to an advance waiver of their TILA and HOEPA rights. Second Am. Cmplt. at ¶ 33.

For purposes of this motion to amend, the court assumes the arbitration agreement required Franklin to waive his right to recover attorney's fees and litigation expenses. Even with this assumption, Franklin cannot prevail on his ECOA claim. Franklin does not allege that he exercised his right by voicing objections prior to signing the loan and arbitration agreements. Moreover, he fails to allege discrimination. He does not suggest Hartland refused to extend the desired loan or gave him a loan on less favorable terms based on any exercise of his TILA or HOEPA rights. In fact, the complaint alleges that Franklin received the loan. Franklin has failed to state a claim under the ECOA. *Bowen v. First Family Financial Services, Inc.*, 233 F.3d 1331, 1335-1336 (11th Cir. 2000). Accordingly, allowing Franklin to amend his complaint for a second time would be futile.

## II. Motion to compel arbitration

There is a liberal federal policy favoring arbitration agreements. *Green Tree Financial Corp. v. Alabama*, 121 S.Ct. 513, 522 (2000). The party opposing arbitration bears the burden of proving that the claims at issue should not be subject to arbitration. *Id.*

The parties' arbitration agreement specifically excluded disputes arising from "the exercise of any self-help remedies (including repossession and setoff rights)." Franklin Resp., Ex. F. at p. 2. Franklin contends his exercise of the right to rescission is not subject to arbitration because it is a self-help remedy. Option One asserts rescission is not a self-help remedy and was not included in the arbitration exception. Specifically, Option One argues "[A]side from the fact that 'rescission' could not, in common usage, be considered to be a form of 'self-help,' the Agreement itself does not include rescission among the list of remedies excluded from the Agreement's scope." Option One Reply at p. 3. This argument fails for two reasons. First, the agreement excluded "any" self-help remedies from arbitration. The fact that repossession and setoff rights were listed as examples does not mean they were the only self-help remedies barred from arbitration. Second, rescission is considered a self-help remedy. *Clay v. Johnson,* 77 F.Supp.2d 879, 888 (N.D. Ill. 1999) (actions taken pursuant to the TILA rescission provision are self-help remedies). Accordingly, the dispute at issue was specifically excluded from the arbitration agreement.[1]

---

[1] The parties' arguments pertaining to attorneys' fees, the enforceability of the arbitration agreement, prohibitive costs, and bias of the arbitrator are moot.

## CONCLUSION

Option One's motion to compel arbitration is denied. Franklin's motion to amend the complaint is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 18, 2001